```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ALEXANDRA UCHENIK, individually and on   :
behalf of all others similarly           :
situated,                                :      20cv3162 (DLC)
                                         :
                          Plaintiff,     :         ORDER
              -v-                        :
                                         :
MCGRAW HILL, LLC, PEARSON EDUCATION,     :
INC., CENGAGE LEARNING, INC., and        :
EDUCATIONAL PUBLISHERS ENFORCEMENT       :
GROUP,                                   :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

This action was filed on April 22, 2020. On April 30, Martha Barabas filed a motion to intervene, representing that she previously filed a similar case in the District of New Jersey and seeking to transfer this action to that district under 28 U.S.C. § 1404. See Complaint, Barabas v. Barnes & Noble College Booksellers, LLC, No. 20cv2442 (D.N.J. Mar. 5, 2020). On May 11, the motion to intervene was opposed by both plaintiff and defendants. Barabas filed her reply on May 14.

On May 7, defendants filed a motion with the Judicial Panel on Multidistrict Litigation (JPML) seeking the transfer of this case -- and seven other purportedly related cases, including Barabas -- to the District of Delaware, pursuant to 28 U.S.C. § 1407. Briefing on the motion before the JPML is due to be fully

submitted on June 4.  See Inclusive Access Course Materials Antitrust Litigation, MDL No. 2946 (J.P.M.L. May 7, 2020).  A hearing on the JPML motion will likely be scheduled for July.

Plaintiff and defendants argue that the Court should wait to decide the motion to intervene until after the JPML has resolved defendants' motion to transfer.  The JPML has "repeatedly . . . noted that where a reasonable prospect exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization."  In re Hudson's Bay Co. Customer Data Sec. Breach Litig., 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018) (citation omitted).  Nonetheless, Section 1407 centralization may be a more efficient use of judicial resources when there are contested transfer motions in multiple districts.  See In re Zetia (Ezetimibe) Antitrust Litig., 325 F. Supp. 3d 1369, 1371 & n.3 (J.P.M.L. 2018).  In deciding whether to stay a case, a court must consider the "particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012).

Here, the parties differ over which of three judicial districts should handle this case.  Defendants favor the District of Delaware; proposed intervenor favors the District of

New Jersey; and plaintiff favors the Southern District of New York.  Barabas, and other related cases pending in the District of New Jersey, have been stayed pending the JPML decision.  See Order Staying Case, Barabas, No. 20cv2442 (D.N.J. May 11, 2020).  Under the circumstances, the JPML is best positioned to evaluate in the first instance whether consolidation into an MDL is appropriate.  Accordingly, it is hereby

ORDERED that proceedings in this case are stayed pending the JPML decision.

IT IS FURTHER ORDERED that the parties shall submit a status letter by **August 14, 2020.**

Dated:    New York, New York
          May 15, 2020

_____
DENISE COTE
United States District Judge